653 A.2d 1130

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. EDDIE SAEZ, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ORLANDO NAVARRO, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. LUIS SAEZ, DEFENDANT–APPELLANT.

Argued January 3, 1995—Decided February 23, 1995.

*Lorraine J. Betancourt* argued the cause for appellant Eddie Saez (*A. Kenneth Weiner,* attorney).

*Ruth Bove,* Assistant Deputy Public Defender, argued the cause for appellants Luis Saez and Orlando Navarro (*Susan L. Reisner,* Public Defender, attorney).

*Mark P. Stalford,* Assistant Prosecutor, argued the cause for respondent (*John Kaye,* Monmouth County Prosecutor, attorney; *John M. Caruso,* Assistant Prosecutor, on the briefs).

*Lisa Sarnoff Gochman,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*Deborah T. Poritz,* Attorney General, attorney).

PER CURIAM.

Defendants appeal as of right on the basis of the dissent in the Appellate Division. *R.* 2:2–1(a). We reverse the judgment of the

Appellate Division substantially for the reasons set forth in Judge D'Annunzio's dissenting opinion. 268 *N.J.Super.* 250, 270–79, 633 *A.*2d 551 (1993). Although we do not imply that the third-party intervention exception applies only when the informant previously has reduced to possession the objects viewed by law-enforcement officials, we are generally in accord with the dissenting opinion's analysis that described the extended and continuous police surveillance as a significant expansion of the informant's prior observation of the activities conducted in the adjacent basement. *Id.* at 272–73, 633 *A.*2d 551.

Because the majority and the dissenting member of the Appellate Division panel agreed that defendants retained a reasonable expectation of privacy in respect of their activities in the basement apartment, and that under the circumstances the extended surveillance of the activities conducted in the adjacent basement was not a reasonable search otherwise justified by the plain-view exception to the requirement for a search warrant, that issue is not before us and we do not address it.

Judgment reversed. The matter is remanded to the Law Division for retrial.

CHIEF JUSTICE WILENTZ and JUSTICES HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN, and COLEMAN join in this opinion.

*For reversal and remandment*—Chief Justice WILENTZ, and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.